# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Geisinger Community Medical Center,<br><br>                Plaintiff,<br><br>v.<br><br>SYLVIA MATHEWS BURWELL, Secretary, Department of Health and Human Services; MARILYN TAVENNER, Administrator, Centers for Medicare and Medicaid Services; and ROBERT G. EATON, Chairman, Medicare Geographic Classification Review Board,<br><br>                Defendants. | Civil Action No. 3:14-cv-01763-MEM |

## DECLARATION OF JOSEPH D. GLAZER, ESQ., IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JOSEPH D. GLAZER hereby declares:

1. I am co-counsel for plaintiff Geisinger Community Medical Center.

2. A copy of the decision by the Administrator of the Centers for Medicare and Medicaid Services ("CMS") in *In the Case of Moses Taylor Hosp.* (Apr. 27, 2013) 2013 WL 2470295 is attached as Exhibit 1.

1

3. A copy of the decision by the Administrator of CMS in *In the Case of Regional Hosp. of Scranton* (Apr. 27, 2013) 2013 WL 2470296 is attached as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 22, 2014          s/Joseph D. Glazer
                                 JOSEPH D. GLAZER

# EXHIBIT 1

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 4 of 16

IN THE CASE OF: MOSES TAYLOR HOSPITAL..., 2013 WL 2470295...

2013 WL 2470295 (H.C.F.A.)

Department of Health and Human Services

Health Care Financing Administration

Decision of the Administrator

IN THE CASE OF: MOSES TAYLOR HOSPITAL
PROVIDER NO. 39-0119

MGCRB Case No. 14C0144

***1 Date: January 30, 2013**

April 27, 2013

This case is before the Administrator, Centers for Medicare & Medicaid Services, for review of the decision entered by the Medicare Geographic Classification Review Board (MGCRB). The review is during the 90-day period in §1886(d)(10) of the Social Security Act (Act), as amended.[1] The Hospital submitted comments, requesting the Administrator reverse the MGCRB's decision.[2] Accordingly, this case is now before the Administrator for final agency review.

## ISSUE AND MGCRB DECISION

The issue involves whether the MGCRB properly denied the Hospital's request for redesignation. The Hospital requested redesignation from the urban Scranton-Wilkes-Barre (PA) Core Based Statistical Area (CBSA)[3] to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA for purposes of using the area's wage index to determine its payment rate under the Medicare inpatient prospective payment system (IPPS) for Federal Fiscal Years (FFYs) 2014 through 2016. The MGCRB denied the Hospital's application. The MGCRB found that the Hospital did not meet the necessary criteria for reclassification under the Special Access Rules at 42 CFR 412.230 as the Allentown-Bethlehem-Easton, PA-NJ was not the closest CBSA to the hospital. The closest CBSA to the Hospital was the Newark-Union, NJ-PA CBSA, to which the MGCRB found, the Hospital did not meet the necessary wage criteria for reclassification at 42 CFR 412.230(d)(1)(iv)(E).

## HOSPITAL'S COMMENTS

The Hospital commented, requesting Administrator's review of the MGCRB's denial of the Hospital's geographic redesignation request. The Hospital argued that in its timely submitted application, the Hospital inadvertently requested redesignation under the "Special Access" rules for Sole Community Hospitals (SCH) and Rural Referral Centers (RRC) and should have requested redesignation under the "Proximity" rules. The Hospital noted that under the "Special Access" rules, a SCH or RRC would be redesignated to the closest urban or rural area that exists beyond the 35 mile proximity requirement. Under the "Proximity" rules, a rural hospital can be redesignated to any urban or rural area within 35 miles if it meets the other relevant criteria. The Hospital contended that, although the Newark-Union, NJ-PA is the closest area to the hospital, under the Proximity rules, Allentown-Bethlehem-Easton, PA-NJ was also an area within 35 miles. Therefore, the Hospital argued that, under the Proximity rules, the Hospital would have been redesignated to the Allentown-Bethlehem-Easton, PA-NJ CBSA, which was its intention evidenced by listing the distance to that area on Line 18A of the application despite being under the "Special Access" rules section.[4] The Hospital requested that the Administrator exercise her discretion and grant a wage index redesignation to the Allentown-Bethlehem-Easton, PA-NJ MSA for Moses Taylor Hospital for the period of October 1, 2013 through September 30, 2016. The Hospital argued that the application includes all the information demonstrating compliance with the Proximity requirement as well as all other criteria for such redesignation.

## DISCUSSION

**\*2** The entire record furnished by the MGCRB has been examined, including any correspondence, position papers, exhibits, and subsequent submissions. All comments received timely are included in the record and have been considered.

Section 1886(d)(10)(iii)(II) of the Act and the regulations at 42 C.F.R. §412.278 provide for the CMS Administrator's review of the MGCRB decisions. In exercising its authority under section 1886(d)(10) of the Act, the MGCRB must comply with all of the provisions of Title XVIII of the Act and the regulations issued thereunder, including the regulations at 42 C.F.R. §412.230, et seq.[5] Likewise, the regulations promulgated by the Secretary establishing procedures and criteria for the MGCRB are binding on the agency and on the Administrator in reviewing MGCRB decisions.[6]

Under Section 1886(d)(8)(E)(ii)(III) of the Act, the Secretary shall treat a hospital located in an urban area, as being located in a rural area, if among other things, "[t]he hospital would qualify as rural, regional, or national referral center under paragraph (5)(C) or as a sole community hospital under paragraph (5)(D) if the hospital were located in a rural area."

Consistent with the statute, the regulations at 42 C.F.R. §412.103, provides special treatment for hospitals located in urban areas that apply for reclassification as rural. In pertinent part, it provides:
(a) *General criteria*. A prospective payment hospital that is located in an urban area (as defined in subpart D of this part) may be reclassified as a rural hospital if it submits an application in accordance with paragraph (b) of this section and meets any of the following conditions:

.....

(3) The hospital would qualify as a rural referral center as set forth in §412.96, or as a sole community hospital as set forth in §412.92, if the hospital were located in a rural area.

With respect to MGCRB reclassification, the regulations, at 42 C.F.R. §412.230 et seq., set forth the criteria an individual hospital seeking redesignation to another rural or urban area must meet for purposes of using that area's wage index. Except for sole community hospitals and rural referral centers, an individual hospital must meet the proximity criteria at 42 C.F.R. 412.230(a)(2), which states:

> Except as provided in paragraph (a)(3) of this section, to be redesignated to another rural area or an urban area, a hospital must demonstrate a close proximity to the area to which it seeks redesignation by meeting the criteria in paragraph (b) of this section, and submitting data requested under paragraph (c) of this section.

Further, the proximity criteria at 42 C.F.R. §412.230(b) provides that:
A hospital demonstrates a close proximity with the area to which it seeks redesignation if one of the following conditions applies:
(1) The distance from the hospital to the area is no more than 15 miles for an urban hospital and no more than 35 miles for a rural hospital.

**\*3** (2) At least 50 percent of the hospital's employees reside in the area.

Moreover, in order to demonstrate proximity, the regulation at section (c) requires that a hospital submit appropriate data relating to its proximity to an area. To demonstrate proximity to the area, the hospital must provide evidence of the shortest route over improved roads to the area and the distance of that route.

The regulation at 42 C.F.R. §412.230(a)(3) also provides special access rules for sole community hospitals and rural referral

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 6 of 16

IN THE CASE OF: MOSES TAYLOR HOSPITAL..., 2013 WL 2470295...

centers, stating that:
(3) *Special rules for sole community hospitals and rural referral centers*. To be redesignated under the special rules in this paragraph, a hospital must be a sole community hospital or a rural referral center as of the date of the MGCRB's review.
(i) A hospital that is a rural referral center, a sole community hospital, or both does not have to demonstrate a close proximity to the area to which it seeks redesignation.

(ii) If a hospital that is a rural referral center, a sole community hospital, or both qualifies for urban redesignation, it is redesignated to the urban area that is closest to the hospital. If the hospital is closer to another rural area than to any urban area, it may seek redesignation to either the closest rural or the closest urban area.

(iii) If a sole community hospital or rural referral center loses its special status as a result of redesignation, the hospital is considered to retain its special status for the purpose of applicability of the special rules in paragraph (a)(3) of this section.

(iv) A hospital that is redesignated under paragraph (a)(3) of this section may not be redesignated in the same fiscal year under paragraph (a)(2) of this section.

The regulation at 42 C.F.R. §412.230(a)(5) also provides several limitations on the redesignation, including:

.....

(ii) A hospital may not be redesignated to more than one area.

(iii) An urban hospital that has been granted redesignation as rural under §412.103 cannot receive an additional reclassification by the MGCRB based on this acquired rural status for a year in which such redesignation is in effect.

In addition, the Hospital must meet certain wage criteria. The regulations at 42 C.F.R. §412.230(d)(1) provide that, to qualify for an urban or other rural area's wage index, a hospital must demonstrate that:
(i) The hospital's incurred wage costs are comparable to hospital wage costs in an urban or other rural area;

(ii) The hospital has the necessary geographic relationship as specified in paragraphs (a) and (b) of this section;

(iii) One of the following conditions apply:

.....

(C) With respect to redesignations for Federal fiscal year 2006 and subsequent years, the hospital's average hourly wage is, in the case of a hospital located in a rural area, at least 106 percent, and in the case of a hospital located in an urban area, at least 108 percent of the average hourly wage of all other hospitals in the area in which the hospital is located;

**\*4** (iv) One of the following conditions apply:

.....

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 7 of 16

IN THE CASE OF: MOSES TAYLOR HOSPITAL..., 2013 WL 2470295...

(E) With respect to redesignations for fiscal year 2011 and later fiscal years, the hospital's average hourly wage is equal to, in the case of a hospital located in a rural area, at least 82 percent, and in the case of a hospital located in an urban area, at least 84 percent of the average hourly wage of hospitals in the area to which it seeks redesignation.

In addition, 42 C.F.R. §412.230(d)(2)(ii) provides:

.....

> (B) For data for other hospitals, the hospital must provide a weighted 3-year average of the average hourly wage in the area in which the hospital is located and a weighted 3-year average of the average hourly wage in the area to which the hospital seeks reclassification. The wage data are taken from the CMS hospital wage survey used to construct the wage index in effect for prospective payment purposes.

Finally, the rural referral center exception at 42 C.F.R. §412.230(d)(3) provides:
(i) If a hospital was ever a rural referral center, it does not have to demonstrate that it meets average hourly wage criterion set forth in paragraph (d)(1)(iii) of this section.

(ii) If a hospital was ever a rural referral center, it is required to meet only the criterion that applies to rural hospitals under paragraph (d)(1)(iv) of this section, regardless of its actual location in an urban or rural area.

In this case, the Hospital, which is physically located in the Scranton-Wilkes Barre, PA CBSA applied for rural status and Rural Referral Status (RRC) pursuant to Section 401 of the Medicare, Medicaid, and State Children's Health Insurance Program (SCHIP) Balanced Budget Refinement Act of 1999 and met the criteria under the law and in accordance with the regulations for reclassification under 42 CFR §412.103(a)(3). The Philadelphia Regional Office of CMS sent a letter dated December 21, 2012 to the Hospital approving the rural/RRC status effective July 1, 2012, as well as cancelling both rural status and RRC status as of October 1, 2013.[7] The Hospital subsequently requested MGCRB reclassification from the urban Scranton-Wilkes-Barre PA CBSA to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey PA-NJ CBSA which was denied by the MGCRB. The Hospital argued that it inadvertently requested redesignation under the "Special Access" rule for SCHs and RRCs, and should have requested redesignation under the "Proximity" rules.

The Administrator notes that if applying under the Special Access rules, an SCH or RRC would be redesignated to the closest urban or rural area that exists and does not have to demonstrate the proximity requirement. However, under the Proximity rules, an urban hospital can be redesignated to any urban area within 15 miles if it meets the other relevant criteria.

The record shows that the Hospital requested MGCRB reclassification from the urban Scranton-Wilkes-Barre (PA) CBSA to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA under the Special Access Rules.[8] The Hospital argued that it inadvertently requested redesignation under the "Special Access" rules for SCHs and RRCs. However, the Administrator notes that the Hospital answered "Yes" to Question 17 which specifically states "If the Hospital is a sole community hospital or a rural referral center and is applying under the "Special Access" rules is it applying to the closest urban area or the closest rural area (if the rural area is closer than the closest urban area and the SCH/RRC itself is located in a rural area)?"[9] Based on the record, the Administrator finds that the MGCRB properly determined that the Hospital did not qualify for redesignation to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA under the Special Access rules, as it is not the closest CBSA to the Hospital. The Newark-Union, NJ-PA was the closest CBSA to the Hospital. However, the MGCRB found that the Hospital did not meet the wage criteria pursuant to 42 CFR 412.230(d)(1)(iv)(E) for redesignation to this latter area. The MGCRB noted that the average hourly wage for the Hospital was 29.0559. The average hourly wage for the Newark-Union, NJ-PA urban area was 40.6924. Thus, the hourly wage of the Hospital was only 71.4037 percent which did not meet the required wage comparison test.[10]

**\*5** However, even assuming that, *arguendo*, the record and supporting documents as a whole supported the Hospital's

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 8 of 16

IN THE CASE OF: MOSES TAYLOR HOSPITAL..., 2013 WL 2470295...

argument that it did, in good faith, intend to apply to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA under the Proximity Rules, the Hospital could not be reclassified to that area. The Hospital would not have met all of the necessary requirements under the Proximity Rules to be redesignated to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA, as the Hospital was located 26.7 miles from the area to which it seeks reclassification, which is outside of the 15 mile requirement.[11] The fact that the Hospital does not meet the necessary proximity requirements undermines the Hospital's argument that its original intention was to apply under those rules.

In specifically addressing the effect of a 42 CFR §412.103 rural redesignation, the Secretary explained in the FFY 2006 IPPS final rule, that:

Section 412.230(a)(5)(iii) of the regulations specifies that "an urban hospital that has been granted redesignation as rural under § 412.103 cannot receive an additional reclassification by the MGCRB based on the acquired rural status as long as such redesignation is in effect." If a hospital, at the time of applying to the MGCRB, has written notice from the CMS Regional Office demonstrating that its rural redesignation will cancel prior to the effective date of the MGCRB decision, the MGCRB should approve the hospital for reclassification, assuming all other criteria have been satisfied. **For purposes of subpart L of Part 412 of the regulations, the hospital will be considered urban because it is physically located in an urban area and will no longer be in rural status upon the effective date of the MGCRB decision. Thus, the hospital will be subject to reclassification rules that apply to urban hospitals for individual hospital reclassification applications under § 412.230** and countywide group reclassification applications under § 412.234. We note that § 412.230(a)(5)(iv) may imply that a hospital cannot receive a reclassification by the MGCRB while it has acquired rural status under § 412.103. We are modifying § 412.230(a)(5)(iv) to indicate that a hospital may not be granted reclassification by the MGCRB for a year in which "such designation" is in effect.[12] (Emphasis added).

Consequently, for purposes of the reclassification rules, and except to the extent any Special Access and wage rules apply as an RRC, the Hospital will be considered urban under an individual application, as that is where the Hospital is physically located.

Moreover, the 2012 Board Individual Hospital Application instruction specifically state that:

> All hospitals may seek reclassification under the "Proximity" criteria listed in 42 CFR 412.230(b). SCHs and RRCs **may also** request reclassification under the "Special Access" rules... (Emphasis added).

**\*6** This provision ultimately allows all hospitals to qualify under the "Proximity" rules, and gives an additional option to SCHs and RRCs to gain reclassification by filing applications for reclassification under both provisions.

In light of the foregoing and based on the record, the Administrator finds that the MGCRB properly determined that the hospital did not qualify for redesignation under the Special Access Rules. Moreover, even assuming, *arguendo*, the application should have been treated as an individual hospital applying under the proximity rules, the Hospital did not meet the necessary 15 miles proximity required to be redesignated to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA for the FFY 2014 through FFY 2016.

DECISION

The Administrator affirms the MGCRB's decision in accordance with the foregoing opinion.

THIS CONSTITUTES THE FINAL ADMINISTRATIVE DECISION OF THE SECRETARY OF THE HEALTH AND HUMAN SERVICES


Marilyn Tavenner
Acting Administrator
Centers for Medicare & Medicaid Services

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 9 of 16

IN THE CASE OF: MOSES TAYLOR HOSPITAL..., 2013 WL 2470295...

Footnotes

1   42 U.S.C. 1395ww(d).

2   Senators Toomey and Casey wrote a letter in support of the Hospital's appeal.

3   In the Federal fiscal year 2005 Hospital Inpatient Prospective Payment System Rule, CMS discussed and adopted changes to the metropolitan statistical area (MSA) criteria used to define hospital labor market areas based on the new Core-Based Statistical Areas or CBSA definition announced by the United States Office of Management and Budget (OMB) on June 6, 2003 which are based on 2000 Census data. See, e.g. 69 Fed. Reg. 28196, 28248-52, 28321 (May 18, 2004); 69 Fed. Reg. 48916, 49026-49034, 49077 (August 11, 2004). The terms MSA and CBSA are used interchangeably in this review by the MGCRB.

4   See, Hospital's Request for Administrator Review, dated February 12, 2013, Attachment C, page 5.

5   42 C.F.R. §412.250(a).

6   United States v. Nixon, 418 U.S. 683, 694-96 (1974). See also K. Davis and R. Pierce, Administrative Law Treatise §6.5 at 251 (3rd ed. 1994).

7   See, letter from Philadelphia Regional Office, dated December 21, 2012.

8   See, MGCRB 2012 Individual Hospital Application, Page 5, Question 17.

9   Id.

10  42 CFR § 412.230(d)(1)(iv)(E) (2012).

11  See, MGCRB 2012 Individual Hospital Application, Page 5, Question 17.

12  See, Rules and Regulations Department of Health and Human Services Centers for Medicare & Medicaid Services, 42 CFR Parts 405, 412, 413, 415, 419, 422, and 485 Medicare Program; Changes to the Hospital Inpatient Prospective Payment Systems and Fiscal Year 2006 Rates Friday, August 12, 2005 70 FR 47278-01.

2013 WL 2470295 (H.C.F.A.)

**End of Document**

© 2013 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 2

Case 3:14-cv-01763-MEM    Document 19-3    Filed 10/24/14    Page 11 of 16

IN THE CASE OF: REGIONAL HOSPITAL OF SCRANTON..., 2013 WL 2470296...

2013 WL 2470296 (H.C.F.A.)

Department of Health and Human Services

Health Care Financing Administration

Decision of the Administrator

IN THE CASE OF: REGIONAL HOSPITAL OF SCRANTON
PROVIDER NO. 39-0237

MGCRB Case No. 14C0180

***1 Date: January 30, 2013**

April 27, 2013

This case is before the Administrator, Centers for Medicare & Medicaid Services, for review of the decision entered by the Medicare Geographic Classification Review Board (MGCRB). The review is during the 90-day period in §1886(d)(10) of the Social Security Act (Act), as amended.[1] The Hospital submitted comments, requesting the Administrator reverse the MGCRB's decision.[2] Accordingly, this case is now before the Administrator for final agency review.

### ISSUE AND MGCRB DECISION

The issue involves whether the MGCRB properly denied the Hospital's request for redesignation. The Hospital requested redesignation from the urban Scranton-Wilkes-Barre (PA) Core Based Statistical Area (CBSA)[3] to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA for purposes of using the area's wage index to determine its payment rate under the Medicare inpatient prospective payment system (IPPS) for Federal Fiscal Years (FFYs) 2014 through 2016. The MGCRB denied the Hospital's application. The MGCRB found that the Hospital did not meet the necessary criteria for reclassification under the Special Access Rules at 42 CFR 412.230 as the Allentown-Bethlehem-Easton, PA-NJ was not the closest CBSA to the hospital. The closest CBSA to the Hospital was the Newark-Union, NJ-PA CBSA, to which the MGCRB found, the Hospital did not meet the necessary wage criteria for reclassification at 42 CFR 412.230(d)(1)(iv)(E).

### HOSPITAL'S COMMENTS

The Hospital commented, requesting Administrator's review of the MGCRB's denial of the Hospital's geographic redesignation request. The Hospital argued that in its timely submitted application, the Hospital inadvertently requested redesignation under the "Special Access" rules for Sole Community Hospitals (SCH) and Rural Referral Centers (RRC) and should have requested redesignation under the "Proximity" rules. The Hospital noted that under the "Special Access" rules, a SCH or RRC would be redesignated to the closest urban or rural area that exists beyond the 35 mile proximity requirement. Under the "Proximity" rules, a rural hospital can be redesignated to any urban or rural area within 35 miles if it meets the other relevant criteria. The Hospital contended that, although the Newark-Union, NJ-PA is the closest area to the hospital, under the Proximity rules, Allentown-Bethlehem-Easton, PA-NJ was also an area within 35 miles. Therefore, the Hospital argued that, under the Proximity rules, the Hospital would have been redesignated to the Allentown-Bethlehem-Easton, PA-NJ CBSA, which was its intention evidenced by listing the distance to that area on Line 18A of the application despite being under the "Special Access" rules section.[4] The Hospital requested that the Administrator exercise her discretion and grant a wage index redesignation to the Allentown-Bethlehem-Easton, PA-NJ MSA for Moses Taylor Hospital for the period of October 1, 2013 through September 30, 2016. The Hospital argued that the application includes all the information demonstrating compliance with the Proximity requirement as well as all other criteria for such redesignation.

### DISCUSSION

**\*2** The entire record furnished by the MGCRB has been examined, including any correspondence, position papers, exhibits, and subsequent submissions. All comments received timely are included in the record and have been considered.

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 12 of 16

IN THE CASE OF: REGIONAL HOSPITAL OF SCRANTON..., 2013 WL 2470296...

Section 1886(d)(10)(iii)(II) of the Act and the regulations at 42 C.F.R. §412.278 provide for the CMS Administrator's review of the MGCRB decisions. In exercising its authority under section 1886(d)(10) of the Act, the MGCRB must comply with all of the provisions of Title XVIII of the Act and the regulations issued thereunder, including the regulations at 42 C.F.R. §412.230, et seq.[5] Likewise, the regulations promulgated by the Secretary establishing procedures and criteria for the MGCRB are binding on the agency and on the Administrator in reviewing MGCRB decisions.[6]

Under Section 1886(d)(8)(E)(ii)(III) of the Act, the Secretary shall treat a hospital located in an urban area, as being located in a rural area, if among other things, "[t]he hospital would qualify as rural, regional, or national referral center under paragraph (5)(C) or as a sole community hospital under paragraph (5)(D) if the hospital were located in a rural area."

Consistent with the statute, the regulations at 42 C.F.R. §412.103, provides special treatment for hospitals located in urban areas that apply for reclassification as rural. In pertinent part, it provides:
(a) *General criteria*. A prospective payment hospital that is located in an urban area (as defined in subpart D of this part) may be reclassified as a rural hospital if it submits an application in accordance with paragraph (b) of this section and meets any of the following conditions:

.....

(3) The hospital would qualify as a rural referral center as set forth in §412.96, or as a sole community hospital as set forth in §412.92, if the hospital were located in a rural area.

With respect to MGCRB reclassification, the regulations, at 42 C.F.R. §412.230 et seq., set forth the criteria an individual hospital seeking redesignation to another rural or urban area must meet for purposes of using that area's wage index. Except for sole community hospitals and rural referral centers, an individual hospital must meet the proximity criteria at 42 C.F.R. 412.230(a)(2), which states:

> Except as provided in paragraph (a)(3) of this section, to be redesignated to another rural area or an urban area, a hospital must demonstrate a close proximity to the area to which it seeks redesignation by meeting the criteria in paragraph (b) of this section, and submitting data requested under paragraph (c) of this section.

Further, the proximity criteria at 42 C.F.R. §412.230(b) provides that:
A hospital demonstrates a close proximity with the area to which it seeks redesignation if one of the following conditions applies:
(1) The distance from the hospital to the area is no more than 15 miles for an urban hospital and no more than 35 miles for a rural hospital.

**\*3** (2) At least 50 percent of the hospital's employees reside in the area.

Moreover, in order to demonstrate proximity, the regulation at section (c) requires that a hospital submit appropriate data relating to its proximity to an area. To demonstrate proximity to the area, the hospital must provide evidence of the shortest route over improved roads to the area and the distance of that route.

The regulation at 42 C.F.R. §412.230(a)(3) also provides special access rules for sole community hospitals and rural referral

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 13 of 16

IN THE CASE OF: REGIONAL HOSPITAL OF SCRANTON..., 2013 WL 2470296...

centers, stating that:
(3) *Special rules for sole community hospitals and rural referral centers*. To be redesignated under the special rules in this paragraph, a hospital must be a sole community hospital or a rural referral center as of the date of the MGCRB's review.
(i) A hospital that is a rural referral center, a sole community hospital, or both does not have to demonstrate a close proximity to the area to which it seeks redesignation.

(ii) If a hospital that is a rural referral center, a sole community hospital, or both qualifies for urban redesignation, it is redesignated to the urban area that is closest to the hospital. If the hospital is closer to another rural area than to any urban area, it may seek redesignation to either the closest rural or the closest urban area.

(iii) If a sole community hospital or rural referral center loses its special status as a result of redesignation, the hospital is considered to retain its special status for the purpose of applicability of the special rules in paragraph (a)(3) of this section.

(iv) A hospital that is redesignated under paragraph (a)(3) of this section may not be redesignated in the same fiscal year under paragraph (a)(2) of this section.

The regulation at 42 C.F.R. §412.230(a)(5) also provides several limitations on the redesignation, including:

.....

(ii) A hospital may not be redesignated to more than one area.

(iii) An urban hospital that has been granted redesignation as rural under §412.103 cannot receive an additional reclassification by the MGCRB based on this acquired rural status for a year in which such redesignation is in effect.

In addition, the Hospital must meet certain wage criteria. The regulations at 42 C.F.R. §412.230(d)(1) provide that, to qualify for an urban or other rural area's wage index, a hospital must demonstrate that:
(i) The hospital's incurred wage costs are comparable to hospital wage costs in an urban or other rural area;

(ii) The hospital has the necessary geographic relationship as specified in paragraphs (a) and (b) of this section;

(iii) One of the following conditions apply:

.....

(C) With respect to redesignations for Federal fiscal year 2006 and subsequent years, the hospital's average hourly wage is, in the case of a hospital located in a rural area, at least 106 percent, and in the case of a hospital located in an urban area, at least 108 percent of the average hourly wage of all other hospitals in the area in which the hospital is located;

**\*4** (iv) One of the following conditions apply:

.....

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 14 of 16

IN THE CASE OF: REGIONAL HOSPITAL OF SCRANTON..., 2013 WL 2470296...

(E) With respect to redesignations for fiscal year 2011 and later fiscal years, the hospital's average hourly wage is equal to, in the case of a hospital located in a rural area, at least 82 percent, and in the case of a hospital located in an urban area, at least 84 percent of the average hourly wage of hospitals in the area to which it seeks redesignation.

In addition, 42 C.F.R. §412.230(d)(2)(ii) provides:

.....

> (B) For data for other hospitals, the hospital must provide a weighted 3-year average of the average hourly wage in the area in which the hospital is located and a weighted 3-year average of the average hourly wage in the area to which the hospital seeks reclassification. The wage data are taken from the CMS hospital wage survey used to construct the wage index in effect for prospective payment purposes.

Finally, the rural referral center exception at 42 C.F.R. §412.230(d)(3) provides:
(i) If a hospital was ever a rural referral center, it does not have to demonstrate that it meets average hourly wage criterion set forth in paragraph (d)(1)(iii) of this section.

(ii) If a hospital was ever a rural referral center, it is required to meet only the criterion that applies to rural hospitals under paragraph (d)(1)(iv) of this section, regardless of its actual location in an urban or rural area.

In this case, the Hospital, which is physically located in the Scranton-Wilkes Barre, PA CBSA applied for rural and Rural Referral Center (RRC) status pursuant to Section 401 of the Medicare, Medicaid, and State Children's Health Insurance Program (SCHIP) Balanced Budget Refinement Act of 1999 and met the criteria under the law and in accordance with the regulations for reclassification under 42 CFR §412.103(a)(3). The Philadelphia Regional Office of CMS sent a letter dated December 21, 2012 to the Hospital approving the rural/RRC status effective July 1, 2012, as well as cancelling both rural status and RRC status as of October 1, 2013.[7] The Hospital subsequently requested MGCRB reclassification from the urban Scranton-Wilkes-Barre PA CBSA to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey PA-NJ CBSA which was denied by the MGCRB. The Hospital argued that it inadvertently requested redesignation under the "Special Access" rule for SCHs and RRCs, and should have requested redesignation under the "Proximity" rules.

The Administrator notes that if applying under the Special Access rules, an SCH or RRC would be redesignated to the closest urban or rural area that exists and does not have to demonstrate the proximity requirement. However, under the Proximity rules, an urban hospital can be redesignated to any urban area within 15 miles if it meets the other relevant criteria.

The record shows that the Hospital requested MGCRB reclassification from the urban Scranton-Wilkes-Barre (PA) CBSA to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA under the Special Access Rules.[8] The Hospital argued that it inadvertently requested redesignation under the "Special Access" rules for SCHs and RRCs. However, the Administrator notes that the Hospital answered "Yes" to Question 17 which specifically states "If the Hospital is a sole community hospital or a rural referral center and is applying under the "Special Access" rules is it applying to the closest urban area or the closest rural area (if the rural area is closer than the closest urban area and the SCH/RRC itself is located in a rural area)?"[9] Based on the record, the Administrator finds that the MGCRB properly determined that the Hospital did not qualify for redesignation to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA under the Special Access rules, as it is not the closest CBSA to the Hospital. The Newark-Union, NJ-PA was the closest CBSA to the Hospital. However, the MGCRB found that the Hospital did not meet the wage criteria pursuant to 42 CFR 412.230(d)(1)(iv)(E) for redesignation to this latter area. The MGCRB noted that the average hourly wage for the hospital was 29.3846. The average hourly wage for the closest Newark-Union, NJ-PA urban area was 40.6924. Thus, the hourly wage of the Hospital was only 72.2115 percent which did not meet the required wage comparison test.[10]

**\*5** However, even assuming that, *arguendo*, the record and supporting documents as a whole supported the Hospital's

Case 3:14-cv-01763-MEM   Document 19-3   Filed 10/24/14   Page 15 of 16

IN THE CASE OF: REGIONAL HOSPITAL OF SCRANTON..., 2013 WL 2470296...

argument that it did, in good faith, intend to apply to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA under the Proximity Rules, the Hospital could not be reclassified to that area. The Hospital would not have met all of the necessary requirements under the Proximity Rules to be redesignated to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA, as the Hospital was located 28.2 miles from the area to which it seeks reclassification, which is outside of the 15 mile requirement.[11] The fact that the Hospital does not meet the necessary proximity requirements undermines the Hospital's argument that its original intention was to apply under those rules.

In specifically addressing the effect of a 42 CFR §412.103 rural redesignation, the Secretary explained in the FFY 2006 IPPS final rule, that:

Section 412.230(a)(5)(iii) of the regulations specifies that "an urban hospital that has been granted redesignation as rural under § 412.103 cannot receive an additional reclassification by the MGCRB based on the acquired rural status as long as such redesignation is in effect." If a hospital, at the time of applying to the MGCRB, has written notice from the CMS Regional Office demonstrating that its rural redesignation will cancel prior to the effective date of the MGCRB decision, the MGCRB should approve the hospital for reclassification, assuming all other criteria have been satisfied. **For purposes of subpart L of Part 412 of the regulations, the hospital will be considered urban because it is physically located in an urban area and will no longer be in rural status upon the effective date of the MGCRB decision. Thus, the hospital will be subject to reclassification rules that apply to urban hospitals for individual hospital reclassification applications under § 412.230** and countywide group reclassification applications under § 412.234. We note that § 412.230(a)(5)(iv) may imply that a hospital cannot receive a reclassification by the MGCRB while it has acquired rural status under § 412.103. We are modifying § 412.230(a)(5)(iv) to indicate that a hospital may not be granted reclassification by the MGCRB for a year in which "such designation" is in effect.[12] (Emphasis added).

Consequently, for purposes of the reclassification rules, and to the extent any Special Access and wage rules apply as an RRC, the Hospital will be considered urban under an individual application as that is where the Hospital is physically located.

Moreover, the 2012 Board Individual Hospital Application instruction specifically state that:

> All hospitals may seek reclassification under the "Proximity" criteria listed in 42 CFR 412.230(b). SCHs and RRCs **may also** request reclassification under the "Special Access" rules ... (Emphasis added).

**\*6** This provision ultimately allows all hospitals to qualify under the "Proximity" rules, and gives an additional option to SCHs and RRCs to gain reclassification by filing applications for reclassification under both provisions.

In light of the foregoing and based on the record, the Administrator finds that the MGCRB properly determined that the hospital did not qualify for redesignation under the Special Access Rules. Moreover, even assuming, *arguendo*, the application should have been treated as an individual hospital applying under the proximity rules, the Hospital did not meet the necessary 15 miles proximity required to be redesignated to the urban Allentown-Bethlehem-Easton, Pennsylvania-New Jersey (PA-NJ) CBSA for the FFY 2014 through FFY 2016.

## DECISION

The Administrator affirms the MGCRB's decision in accordance with the foregoing opinion.

THIS CONSTITUTES THE FINAL ADMINISTRATIVE DECISION OF THE SECRETARY OF THE HEALTH AND HUMAN SERVICES

Marilyn Tavenner
Acting Administrator
Centers for Medicare & Medicaid Services

Footnotes

IN THE CASE OF: REGIONAL HOSPITAL OF SCRANTON..., 2013 WL 2470296...

1   42 U.S.C. 1395ww(d).

2   Senators Toomey and Casey wrote a letter in support of the Hospital's appeal.

3   In the Federal fiscal year 2005 Hospital Inpatient Prospective Payment System Rule, CMS discussed and adopted changes to the metropolitan statistical area (MSA) criteria used to define hospital labor market areas based on the new Core-Based Statistical Areas or CBSA definition announced by the United States Office of Management and Budget (OMB) on June 6, 2003 which are based on 2000 Census data. See, e.g. 69 Fed. Reg. 28196, 28248-52, 28321 (May 18, 2004); 69 Fed. Reg. 48916, 49026-49034, 49077 (August 11, 2004). The terms MSA and CBSA are used interchangeably in this review by the MGCRB.

4   See, Hospital's Request for Administrator Review, dated February 12, 2013, Attachment C, page 5.

5   42 C.F.R. §412.250(a).

6   United States v. Nixon, 418 U.S. 683, 694-96 (1974). See also K. Davis and R. Pierce, Administrative Law Treatise §6.5 at 251 (3rd ed. 1994).

7   See, letter from Philadelphia Regional Office, dated December 21, 2012.

8   See, MGCRB 2012 Individual Hospital Application, Page 5, Question 17.

9   Id.

10  42 CFR § 412.230(d)(1)(iv)(E) (2012).

11  See, MGCRB 2012 Individual Hospital Application, Page 5, Question 17.

12  See, Rules and Regulations Department of Health and Human Services Centers for Medicare & Medicaid Services, 42 CFR Parts 405, 412, 413, 415, 419, 422, and 485 Medicare Program; Changes to the Hospital Inpatient Prospective Payment Systems and Fiscal Year 2006 Rates Friday, August 12, 2005 70 FR 47278-01.

2013 WL 2470296 (H.C.F.A.)

**End of Document**   © 2013 Thomson Reuters. No claim to original U.S. Government Works.